# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3081

_____

United States of America,                    *
                                             *
                    Appellee,                *    Appeal from the United States
                                             *    District Court for the Eastern
          v.                                 *    District of Missouri.
                                             *
Richard Drury, also known as                 *         [UNPUBLISHED]
Dick Drury,                                  *
                                             *
                    Appellant.               *

_____

Submitted:   April 17, 2006
    Filed:   April 24, 2006

_____

Before ARNOLD, FAGG, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

       Richard Drury was the Chief Executive Officer for Easy Returns Worldwide, Inc. (ERW), a company that returns expired or nearly expired drugs to pharmaceutical companies for credit on behalf of the pharmacists and wholesalers who purchased them. After learning Drury had directed others to return drugs with undocumented sources to the manufacturers with the false assertion that they had been purchased by certain pharmacies, the Government charged Drury with four counts of mail fraud. At trial, pharmacists testified Drury had approached them to return undocumented expired drugs under their pharmacy's name, charging a fee of 33% rather than the normal 10%. Some of the drugs were returned to the manufacturers in this way

through interstate commerce, and the manufacturers credited the pharmacies. Because Drury worked for a percentage of ERW's profits, he benefitted financially from the bogus transactions. After the jury convicted Drury on all counts, the district court[*] sentenced him to forty-two months in prison and ordered restitution in the amount of $726,956.50.

On appeal, Drury challenges the sufficiency of the evidence. Viewing the evidence in the light most favorable to the Government, we conclude a reasonable jury could have found Drury guilty beyond a reasonable doubt. United States v. Hively, 437 F.3d 752, 761 (8th Cir. 2006). To prove Drury committed mail fraud, the Government had to show, among other things, that Drury intended to defraud the manufacturers, id. at 760, and that he sent material misrepresentations through the mail, id. at 764. According to Drury, the evidence failed to establish his intent to defraud and the materiality of his misrepresentations. We disagree.

The Government proved Drury made material misrepresentations to the pharmaceutical manufacturers with the intent to defraud them. The evidence showed Drury knew the manufacturers only accepted expired drugs from pharmacies that had purchased them directly from the manufacturer or from an authorized wholesaler, and Drury directed ERW employees to return undocumented expired drugs on behalf of pharmacies that had not purchased them with the false assertion that the pharmacies had bought the drugs. The misrepresentation was material because the manufacturers would not have provided credit for the returns unless they were misled into believing the drugs had been purchased by the returning pharmacy. The jury could infer Drury intended to defraud the manufacturers by his intentional acts of concealment. See United States v. Jorgensen, 144 F.3d 550, 558 (8th Cir. 1998). The district court thus properly denied Drury's motion for judgment of acquittal.

_____

[*]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

Drury also asserts the restitution order overstated the amount of loss suffered by the pharmaceutical firms. The district court did not commit clear error in ordering Drury to pay $726,956.50 because there was substantial, reliable evidence to support that amount. See United States v. Fogg, 409 F.3d 1022, 1028 (8th Cir. 2005) (standard of review). Independent evidence showed Drury directed the submission of fraudulent returns to the pharmaceutical manufacturers in the amount of $906,356.68. Because ERW usually only obtained about 80% of the creditworthy amount, the district court reduced the fraudulent returns by 20%. Contrary to Drury's assertions, the amount of restitution is not limited to the amount of his personal gain, or the victims' claims for compensation.

We thus affirm the district court.

_____